UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL TORRES, | ) | CASE NO. CV 12-7530 CAS (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE |
| JAMES HARTLEY, WARDEN, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final, *see* 28 U.S.C. § 2244(d)(1), but for prisoners like Petitioner, whose conviction became final before AEDPA took effect, the limitation period begins with AEDPA's effective date of April 24, 1996. The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after April 24, 1997: the date on which a State-created impediment – itself a violation of constitutional law – was removed; the date on which a newly-recognized constitutional right was established; or the date on which the factual

predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

The current petition was filed on August 31, 2008. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) In February 1987 in Los Angeles County Superior Court, Petitioner pleaded guilty to charges of second degree murder and personal use of a firearm. He was sentenced to 15 years to life in state prison. Pet. ¶¶ 1-2. He did not appeal.

(b) Petitioner's conviction became final after Monday, April 27, 1987, after his 60-day deadline for seeking a certificate of probable cause, and noticing an appeal, expired. *See* CAL. R. CT. 8.304(b) (former Rule 30), 8.308 (former Rule 30.1(a)).

(c) Nine years passed. Petitioner's one-year AEDPA limitations period began running on that statute's effective date of April 24, 1996.

(d) Nearly 16 more years passed. Early in 2012, Petitioner began a series of unsuccessful habeas actions in the trial court, the California Court of Appeal and the California Supreme Court. The state high court denied relief on April 11, 2012.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. His limitations period appears to have expired in April 1997, one year after AEDPA's effective date. Petitioner's commencement of state habeas proceedings eight and a half years thereafter cannot rejuvenate his stale claim. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

Petitioner appears to have begun seeking relief in 2012 based on his newly-developed view that he was entitled to have been represented by counsel at his March 1987 post-conviction (but pre-sentencing) interview with a probation officer. As a preliminary matter, he is mistaken as a matter of state law, as the trial court explained in its minute order denying relief:

> The probation officer functions as an agent for the court and collects the kind of information the judge needs to impose a reasoned judgment. It is not an adversarial proceeding. Guilt has already been established either by plea or jury/court verdict. {See section 1203.5, 1203.6 Penal Code.}

Appendix B to Pet. More to the point in this context, even if Petitioner's claim otherwise had merit, his prior ignorance of the law provides no valid excuse for his 25 years of delay since 1987.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: September 5, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE